UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DERRICK JORDAN, ) | |
| ) | |
| Plaintiff, ) | 3  08  0765 |
| ) | |
| v. ) | No. 3:08mc0046 |
| ) | Judge Trauger |
| CORRECTIONS CORPORATION ) | |
| OF AMERICA, ET AL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Metro-Davidson County Detention Facility (MDCDF) in Nashville. He brings this action under Title VI of the Civil Rights of 1964, 42 U.S.C. § 2000d.[1] The plaintiff names Corrections Corporation of America and six other named individuals as defendants. The plaintiff has not specified what relief he seeks.

Under the Prison Litigation Reform Act (PLRA), the court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no

---

[1] Although allegations of the sort raised by the plaintiff normally are brought in an action under 42 U.S.C. § 1983, the documents submitted by the plaintiff are clearly captioned "Title 6." Where the plaintiff clearly indicates that he has brought his complaint on one ground, the court will not liberally construe it to have been brought on another.

discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d states that "[n]o person shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." Title VI was intended to "halt federal funding of entities that violate a prohibition of racial discrimination similar to that of the Constitution." *Neighborhood Action Coalition, et al., v City of Canton, Ohio*, 882 F.2d 1012, 1014 (6th Cir. 1989)(citing *Regents of the University of California v. Bakke*, 438 U.S. 265, 284 (1978)).

The plaintiff alleges numerous conditions-of-confinement claims that fall into the following general categories: 1) punishment for complaining about the conditions of his confinement; 2) interference with his mail; 3) flawed internal grievance procedures; 4) unwarranted disciplinary action; and 5) violations of the privacy rights of inmates. The plaintiff does not allege, nor can it be liberally construed from the record, that the events he describes were motivated by considerations of race, color, or national origin. Neither does the plaintiff allege, nor can it be liberally construed from the complaint, that he was excluded from, or denied the benefits of, any federally funded program or activity administered by MDCDF.

In addition to having failed to make a *prima facie* showing under Title VI, the only defendant to whom the plaintiff refers by name in his complaint is officer T. Pierce. The plaintiff claims that officer Pierce seized a letter from him to the Tennessee Department of Corrections complaining about the conditions of his confinement. Lacking any supporting factual allegations, the plaintiff's claim against officer Pierce is nothing more than a naked allegation and, as such, it is conclusory.

2

The plaintiff provides no factual allegations whatsoever against the other defendants

Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag*, 454 U.S. at 365, the courts are not willing to abrogate basic pleading essentials in *pro se* suits, *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). Specifically, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. *Wells*, 891 F.2d at 594. Because the plaintiff's claims are conclusory, his complaint is subject to *sua sponte* dismissal for this reason as well. *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971).

For the reasons explained above, the complaint lacks an arguable basis in law or fact. Therefore, it will be dismissed as frivolous.

An appropriate Order will be entered

Aleta A. Trauger
United States District Judge